### ST JOHN v ST JOHN

Ohio Appeals, 2nd Dist, Greene Co

No 429. Decided Dec 12, 1936

Miller & Finney, Xenia, for plaintiff appellant.

Marshall & Marshall, Xenia and Harry D. Smi'h, Xenia, for defendant appellee.

## OPINION

By THE COURT:

Appeal on question of law.

Plaintiff took judgment against the defendant in the sum of $7,022.59 on a warrant of attorney on a note signed by the defendant. Thereafter, upon motion of defendant and a finding that she had a valid defense to the action on the note, the judgment was opened up and suspended. Thereafter, the cause came on for trial to a jury which disagreed and was discharged by the trial court.

The issues presented to the jury were made up of the original petition of plaintiff in short form based upon the note. The answer consisted of two defenses, the first of which is, in substance, that the defendant signed the note at the request of her husband, C. M. St. John, who, at the time of filing the answer, was deceased; that it was signed upon misrepresentations made with intent to defraud her and upon which she relied. Her second defense was that if indebted to the plaintiff in any amount she particularly denies indebtedness on the note and says that she received

no money or anything of value from the plaintiff at the time the note was filed or at any other time; that it was given without any consideration moving from plaintiff to defendant and without any detriment or loss to the plaintiff and that she did not know that she was signing a note payable to the plaintiff.

The reply was in the nature of a general denial of the averments of the answer.

On the trial, at the conclusion of the defendant's case, the plaintiff moved to withdraw the first defense from the jury, which was sustained and further moved to withdraw the second defense of want of consideration, which motion was overruled. Before argument the plaintiff requested the court to give the following special charge to the jury:

"I charge you, as a matter of law, that if you find that Harriett St. John signed the note at the request of her husband, C. M. St. John, and that there existed an obligation from C. M. St. John to John A. St. John, and said note was given for said obligation, the same constitutes a valid consideration for said note, and your finding should be for the plaintiff."

This request was refused and exceptions were noted.

On the 25th of July, 1936 the plaintiff moved for judgment for the reason that inasmuch as the court had directed a verdict for the plaintiff upon the first defense of defendant's answer there was not sufficient evidence to go to the jury on the defense asserted in the second defense. This motion was overruled, to which exceptions were noted and from this action of the trial this appeal is prosecuted.

After the general charge counsel for plaintiff requested the following instruction, which was refused:

"If the jury finds the defendant signed as an accommodation party from the evidence the law applicable thereto is §8134 GC. 'An accommodation party is one who signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding the holder at the time of taking it knew him to be only an accommodation party'."

It will be observed that there is no general denial as such of the petition, but the

second defense, wherein it is asserted: "She particularly denies indebtedness on the note * *," must be accepted in its broadest implication, which would be tantamount to a denial of  consideration and put upon the plaintiff the burden of establishing it upon any theory upon which he was entitled to recover.

We are not reviewing the refusal to give any special instructions, nor the general charge. The question presented is in the most favorable intendment of the evidence for the defendant: Does she make an issue of fact for the jury on the pleadings?

As a prerequisite to the liability of the defendant as an accommodation maker, the plaintiff must have been a holder for a value. The note itself is prima facie evidence of a valuable consideration and that defendant signed it for value. But upon consideration of the whole record there is an issue whether or not there was a pre-existing debt owing from Morgan St. John to the plaintiff. It is incumbent upon the plaintiff to prove a pre-existing indebtedness against Morgan St. John to support the note given by the defendant if she was an accommodation maker.

In the view that we have taken of this record it is not necessary to consider and discuss the many cases cited by counsel respecting the application of certain sections of the negotiable instruments law to the facts. §8134 GC is unambiguous.

We find that the court did not err in overruling the motion of the plaintiff for judgment. Inasmuch as this case has twice been to this court on review and in probability will be tried again, we express the opinion that the special instruction requested by plaintiff before argument and and her charge requested to be given at the conclusion of the general charge properly state the law of this case.

CRAIG, PJ, BARNES and HORNBECK, JJ, concur.

## ON REHEARING

By THE COURT:
Submitted on application for rehearing.
The application quotes from our opinion, as follows:

"But upon consideration of the whole record there is an issue whether or not there was a pre-existing debt owing from Morgan St. John to the plaintiff. It is incumbent upon the plaintiff to prove a pre-existing indebtedness against Morgan St. John to support the note given by the defendant if she was an accommodation maker."

The application apparently interprets our opinion as holding only that there was an issue made on the pleadings. We stated that there was an issue made upon the whole record. That is to say, not only upon the pleadings but also upon the evidence. If we could follow the premise of the plaintiff that "there is no conflict in the evidence," certainly we must follow the conclusion. However, we cannot do so.

We have heretofore held, and upon reconsideration are of opinion that there is a conflict in the testimony and a conflict in inferences which may be drawn from the undisputed testimony. We did not deem it necessary heretofore to point out the specific testimony from which the inferences against plaintiff's cause may be drawn.

The plaintiff may fail, not alone because of the sufficiency of the defense, but also because of the weakness of his own cause.

There is not, nor can there be any confusion as to the burden of proof, which is essential to recovery by the plaintiff on the note. If the plaintiff had offered the note and rested and no more evidence was forthcoming, he would have made his case. However, this is not the state of the record. It sets forth all of the facts and circumstances incident to and surrounding the transactions which led up to and existed at the time of the giving of the note.

"* * the burden of proof rests upon him (the plaintiff) at every stage of the case, to show a consideration for the note, by a preponderance of the whole of the evidence adduced on the trial." Ginn v Dolan, 81 Oh St 121.

Inasmuch as we may not have expressed ourselves fully enough on the evidence from which we have determined that there is a factual question, we briefly refer to some of the circumstances which appear in the testimony, many of which are uncontradicted. The note for $3680.00 was given April 14, 1924, almost twelve years before any action was instituted upon it.

For many years during the period between the giving of the note and suit thereon no mention was made of its possession by the plaintiff. The consideration for the note, as stated by plaintiff, is made up of items as to proof of which no specific, tangible evidence is forthcoming. Each and every item is predicated upon the memory of the plaintiff, although admittedly, there are corroborative facts. Morgan St. John made an assignment for the benefit of his creditors in 1909. $1100.00 of the consideration is for money claimed to have been loaned by the plaintiff to Morgan St. John a year before the assignment for creditors. $1800.00 of the consideration for the note was outlawed when the note was given. The testimony of the defendant is in the record for what it is worth on the issue of consideration respecting the occurrence at the time that the note was given. No canceled check for any of the money which plaintiff claims to have advanced to his father is produced, although it is claimed the checks were given for certain of the amounts. Plaintiff presents a reasonable explanation for the disappearance of the checks but this explanation does not demand that one inference only be drawn from it. The jury has a right, within reason, to draw its own inferences as to whether or not the statement of the plaintiff is true.

There are other factors touching the reasonableness and probability of plaintiff's evidence, all of which are within the province of the jury to determine. The jury might well determine that consideration moved from the plaintiff to his father for some of the amounts constituting the total sum set forth in the note, but not all thereof.

This court can only grant the relief sought by plaintiff upon a determination as a matter of law that there ▮▮▮▮▮▮▮ is no factual issue whatever for the jury to consider upon the pleadings and the evidence. This we cannot do. Our opinion whether or not the plaintiff has definitely sustained the burden of proof upon this record is immaterial so long as there is a question of fact for the jury to determine.

The application for rehearing will be denied.

CRAIG, PJ, HORNBECK and BARNES, JJ, concur.